**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JORGE CASANOVA,

Plaintiff,

v. No. CV 08-0288 BB/CEG

WARDEN ROBERT ULIBARRI,

Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on Defendant Warden Robert Ulibarri's ("Defendant" or "Mr. Ulibarri") Motion to Dismiss, filed September 22, 2008; Plaintiff Jorge Casanova's ("Plaintiff" or "Mr. Casanova") Response to the Motion to Dismiss, filed October 22, 2008; Defendant's Reply to Plaintiff's Response, filed November 6, 2008; and Plaintiff's "Motion to Request," filed August 22, 2008. See docket nos. 13, 14, 20, and 21. In the motion to dismiss, Mr. Ulibarri contends that Plaintiff has failed to state a claim upon which relief can be granted. See docket no. 14. I agree and, for the reasons below, recommend that the motion to dismiss be granted.

Background

On March 18, 2008, Mr. Casanova, proceeding pro se, filed this 42 U.S.C. § 1983 civil rights complaint against Mr. Ulibarri, the Warden at the Central New Mexico Correctional Facility ("CNMCF"). See docket no. 1. Mr. Casanova states "[t]his complaint is against Warden Robert Ulibarri in his individual capacity with deliberate indifference to my medical and mental conditions and an excessive risk to my health of safety with a cruel and unusual punishment." Id. at 1. Mr. Casanova generally asserts he was treated improperly by personnel

at CNMCF, especially with respect to his alleged medical conditions. Id. at 2-4. The only specific event with a date in Plaintiff's complaint involves an action that occurred on February 3, 2006, involving an alleged loss of dentures. Id. at 3. The other dates identified, but with no specific claim of loss or misconduct, are a pat-down search from 2004 and an incident that allegedly occurred when he was transferred for a court hearing in late June to early July 2006. Id. at 2, 4. All other events complained of are not identified as to a date or time as to when a possible civil rights violation occurred. Id. at 1-8. Petitioner was released from the custody of the New Mexico Corrections Department on February 15, 2008.

On August 14, 2008, Defendant filed his answer, which essentially denies all of Plaintiff's substantive allegations. See docket no. 11. On August 22, 2008, Plaintiff filed a "Motion to Request," which is a motion for an Order from the court regarding the presentment of Plaintiff's own evidence. See docket no. 13. In September 2008, the case was transferred from the docket of recently retired United States Magistrate Judge Leslie Smith, making the undersigned the referral judge in this case. See docket no. 17.

On September 22, 2008, Defendant filed a Motion to Dismiss and Memorandum in Support of the Motion. See docket no. 14. Mr. Ulibarri claims Plaintiff's complaint should be dismissed because Plaintiff has failed to exhaust administrative remedies and has failed to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Id. On October 22, 2008, Plaintiff filed his response to the Motion to Dismiss. See docket no. 20. On November 6, 2008, Defendant filed a reply to Plaintiff's response. See docket no. 21.

Standard of Review

At the outset, the Court notes that it must accept as true all of the well-pleaded factual allegations in the Plaintiff's complaint and draw all reasonable inferences in favor of Plaintiff.

See Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). In addition, a Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. Thus, the purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint assuming all the factual allegations in the complaint are true. Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). In making this determination, the Court must determine whether the complaint contains enough facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969, 1974 (2007). Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth grounds of the plaintiff's entitlement to relief through more than labels, conclusions or a formulaic recitation of the elements of a cause of action. Id., 550 U.S. at ____, 127 S.Ct. at 1964-65. Because Mr. Casanova is pro se, his pleadings must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Analysis

A. Motion to Request

With respect to Plaintiff's "Motion to Request," I find Plaintiff has done an adequate job of presenting his evidence in response to Defendant's Motion to Dismiss. Plaintiff's motion states he does not know "when he will be able to show all or part [of his legal documents]." See docket no. 13 at 1. Plaintiff claims he is unsure whether he should submit the documents as part of his response to Defendant's Motion to Dismiss or in the regular course of discovery. Id. Plaintiff's "Motion to Request" was filed on August 22, 2008, however, as part of his October

22, 2008 eighteen-page response to Defendant's Motion to Dismiss, Plaintiff attaches approximately fifteen different exhibits totaling over 100 pages of argument and evidence. Thus, given Plaintiff's proper presentment of his own evidence, the "Motion to Request" should be denied as moot.

B. Motion to Dismiss

A cause of action is stated under § 1983 for a violation of the Eighth Amendment when a complaint evinces a "deliberate indifference to a prisoner's serious illness or injury" by prison officials. See Estelle v. Gamble, 429 U.S. 97, 105 (1976). As the Tenth Circuit stated in Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999), "[d]eliberate indifference has both an objective and subjective component." The objective component is satisfied when the medical condition complained of is sufficiently serious, such that "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. The subjective component is satisfied when the plaintiff establishes that the "defendant(s) knew [plaintiff] faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'" *Id.*

Even accepting every allegation made by Mr. Casanova as true, I conclude that his allegations fail to establish a claim against Warden Ulibarri. Warden Ulibarri is named as the sole actor for the action of which Plaintiff complains. Docket no. 1. Mr. Ulibarri, however, did not arrive at CNMCF until October 2006. See docket no. 11 at 1. All of the dates mentioned and events complained of occurred prior to the arrival of Defendant at CNMCF; thus, he was incapable of participating in or instigating any of the alleged actions described in Plaintiff's complaint. Plaintiff makes no claim regarding any other warden at the facility, nor does he attempt to substitute Defendant for another. Because none of Plaintiff's claims against Mr.

Ulibarri can be substantiated based on the timing provided in the complaint, Plaintiff's complaint does not contain enough facts to state a claim for relief that is plausible on its face and his complaint should be dismissed.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT:**

1) Plaintiff Jorge Casanova's "Motion to Request" (docket no. 13) be **DENIED** as moot;

2) Warden Robert Ulibarri's Motion to Dismiss for Failure to State a Claim for Which Relief May be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) (docket no. 14) be **GRANTED**; and

3) all claims against Warden Robert Ulibarri in this action be **DISMISSED WITHOUT PREJUDICE**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

UNITED STATES MAGISTRATE JUDGE