IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE CASANOVA

       Plaintiff

v.                                                                                          CIV 08-0288 BB/CG

ROBERT ULIBARRI, Warden,
CENTRAL NEW MEXICO CORRECTIONS
DEPARTMENT,
JOSE ROMERO, Former Warden,
RAY GARCIA, Correction Officer,

       Defendants.

– AND –

JORGE CASANOVA,

       Plaintiff,

v.                                                                                          CIV 09-1121 BB/CG

CENTRAL NEW MEXICO CORRECTIONS
DEPARTMENT, CNMCF Los Lunas Prison,
JOSE ROMERO, Former Warden, and
RAY GARCIA, Correction Officer,

       Defendants.

# ORDER FOR A NEW *MARTINEZ* REPORT, PERSONAL SERVICE & OTHER MATTERS

    This matter is before the Court on two recent motions by Plaintiff. Both essentially ask the Court to move the case along. *See Docs. 42-45.* Before addressing

this request, I make some initial observations. First, these matters are consolidated and the captions on filings should reflect that, even though all filings are now made in the lower-numbered case.

Second there are four named defendants in these consolidated actions:

- Central New Mexico Correctional Facility in Los Lunas, the facility where Plaintiff was previously incarcerated. Plaintiff refers to this Defendant as "Central New Mexico Corrections Department" or "CNMCF Los Lunas Prison." I refer to it as "CNMCF."

- Jose Romero. He is a former warden of CNMCF.

- Robert Ulibarri. Though he is designated as "Warden" in the caption, I note he now also appears to be a former warden of CNMCF. The New Mexico Corrections Department website indicates that the current CNMCF Warden is Anthony Romero. Thus, addition of the current warden may be in order. See FED. R. CIV. P. 25.

- Ray Garcia. He is a correctional officer.

Third, of the four defendants, three have answered – CNMCF, Robert Ulibarri, and Ray Garcia. According to the docket entry for their answer, they are represented by Carlos Elizondo, Deputy General Counsel of the New Mexico Corrections Department Office Of General Counsel. However, the caption does not reflect that he represents them. The Clerk should update it accordingly.

Fourth, the Court's recent attempts to serve former Warden Jose Romero have been unsuccessful. Mr. Romero has not answered, yet the Court's mailing to him was not returned as undeliverable. *See Docs. 37, 40.* Since Mr. Romero is not yet a party, this case is not ready to move to disposition as Plaintiff's recent motions suggest. Instead, the next step is for the Court to attempt personal service. *See* Fed. R. Civ. P. 4(c)(3). Under Fed. R. Civ. P. 4(d)(2), the Court must impose costs of service on a

Defendant who, without good cause, does not comply with a request to waive service. The service of the summons and complaint shall be at no cost to the Plaintiff, who is proceeding *in forma pauperis* under 28 U.S.C. § 1915. *See Docs. 8, 33.*

Despite the absence of Mr. Romero, in the interest of moving this matter forward, I will require the other Defendants to file a new and comprehensive *Martinez* Report. Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), this Court may order defendants to investigate the incident or incidents underlying Plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim. *See, e.g., Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, including motion for summary judgment or *sua sponte* entry of summary judgment. When a *Martinez* Report is used for summary judgment purposes, the *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set forth in the report. *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991).

Wherefore,

**IT IS HEREBY ORDERED THAT:**

1. The Clerk update the caption in CIV 08-288 BB/CG to reflect that Defendants CNMCF and Ray Garcia are also represented by Mr. Elizondo;

2. In light of the *Martinez* Report schedule below, Plaintiff's motions *(Docs. 42, 43)* are denied as moot.

3. Defendants' comprehensive *Martinez* Report shall take into account the Tenth Circuit's disposition on appeal, the consolidation of these cases, and whether the present Warden of CNMCF should also be named as a Defendant. It shall address all of Plaintiff's allegations

in both suits and should include, but is not limited to: whether documents or other records pertaining to the events exist; and whether prison policies or regulations address the situation;

4. If documents and records do exist, Defendants shall include copies of them as attachments to the *Martinez* Report, arranged in a logical order, and be Bates-stamped or otherwise clearly serially marked. Defendants may incorporate by reference the exhibits in prior filings in any of Mr. Casanova's cases in this Court. To incorporate a document, Defendants shall include page in the new *Martinez* Report attachments that designates the case caption, document docket number, and CM/ECF page numbers where it appears. If a previously-submitted document is not scanned, it must be resubmitted in full with the new *Martinez* Report attachments;

5. Defendants must provide affidavits to properly authenticate submitted documents, and may also submit other affidavits in support of the *Martinez* Report;

6. The submission of documents alone shall not be considered in compliance with this Order. Defendants are expected to also prepare the "report" portion of the *Martinez* Report that discusses the claims and the submissions that relate to them;

7. The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendants may redact confidential portions of documents submitted with the *Martinez* Report and provide that version to Plaintiff. Alternatively, they may request that Plaintiff not be permitted to review certain portions of the *Martinez* Report and its attachments. If so, Defendants must make their objections to the Court fourteen (14) days prior to the *Martinez* Report filing and service date below. The entire *Martinez* Report must be submitted along with the objections, both under seal, to the Court for ruling if they elect this option;

8. Given the detail required above and the age of the events at issue, the Court will give ample time for the Defendants to accomplish this task. Defendants shall file and serve their *Martinez* Report no later than Friday, September 3, 2010;

9. Plaintiff shall file and serve his response to the *Martinez* Report no later than Friday, October 1, 2010;

10. Defendants shall file and serve their reply, if any, no later than Friday, October 15, 2010; and

11. Summons be issued and the U.S. Marshal serve the summons and complaints personally on Defendant former Warden Jose Romero as directed by the Clerk, **keeping in mind that the Court has kept this address sealed.**  *See Docket entries dated 4/21/10 through 4/27/10.*

**IN ADDITION, THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or <u>sua sponte</u>; **as such, the parties – Plaintiff and Defendants – should submit whatever materials they consider relevant to Plaintiff's claims.**  *See Hall,* 935 F.2d 1106.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE