# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JORGE CASANOVA

               Plaintiff

v.                                           CIV 08-0288 BB/CG

ROBERT ULIBARRI, Warden,
CENTRAL NEW MEXICO CORRECTIONS
DEPARTMENT,
JOSE ROMERO, Former Warden,
RAY GARCIA, Correction Officer,

               Defendants.

## – AND –

JORGE CASANOVA,

               Plaintiff,

v.                                           CIV 09-1121 BB/CG

CENTRAL NEW MEXICO CORRECTIONS
DEPARTMENT, CNMCF Los Lunas Prison,
JOSE ROMERO, Former Warden, and
RAY GARCIA, Correction Officer,

               Defendants.

## ORDER

       **THIS MATTER** is before the Court upon Plaintiff's *Motion to Advise the Court About Three Facts Before Plaintiff's Response to Martinez Report on Friday, October 1, 2010* (Motion) (Doc. 50). Being fully advised in this matter, this Court finds this Motion to be well taken and will therefore **GRANT** the Motion and enter an Order addressing the concerns

outlined therein.

Because the Plaintiff in this case is proceeding Pro Se, the Court must construe his pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Therefore, this Court liberally construes Plaintiff's Motion as a request for an Order addressing three specific concerns:

1) <u>Plaintiff worries that the case is not proceeding fast enough, and has advised the Court that one of his potential witnesses has already died.</u> (Doc. 50 at 2, 4-5, 7).

In regards to Plaintiff's concern that his cases are not moving fast enough, the Court recognizes that his first case was originally filed in April of 2008, two and a half years ago. However, the length of these proceedings is unavoidable, considering the procedural posture of these cases. Indeed, a brief review of the procedural background is illustrative:

Plaintiff first filed a *Civil Rights Complaint* against Robert Ulibarri, the former warden of the Central New Mexico Correctional Facility (CNMCF), in March of 2008 ('2008 claim'). (Doc. 1). Plaintiff alleged, *inter alia*, that warden Ulibarri had improperly confined him in segregation, had restricted Plaintiff's access to necessary medical equipment, and had acted with deliberate disregard to Plaintiff's worsening medical condition.  (*Id.* at 2-4). This Court ultimately recommended to District Court Judge Black that the 2008 case be dismissed.  (Doc. 22). Judge Black adopted the recommendation of this Court and the case was dismissed. (Doc. 23). Plaintiff appealed the dismissal to the Tenth Circuit Court of Appeals, where he obtained relief. *See Casanova v. Ulibarri*, 595 F.3d 1120 (10th Cir. 2010). The Tenth Circuit remanded the case to the District Court.  (Doc. 33).

In November of 2009, while Plaintiff's appeal to the Tenth Circuit was still pending, Plaintiff filed a new complaint against the Central New Mexico Corrections Department

('CNMCF'), Jose Romero (a former warden at CNMCF), and Ray Garcia (a guard at CNMCF) ('2009 claim') (Civ. 09-1121, Doc. 1). The conduct described in the 2009 claim was substantially identical to that alleged in the 2008 claim. Following the remand of the 2008 claim, Judge Black accepted the recommendation of this Court (Doc. 35) and both the 2008 and 2009 claims were consolidated.  (Doc. 36).

The Court notes that, during the pendency of both the 2008 and 2009 claims, Plaintiff has filed no less than eleven motions and letters, many of which have required responsive pleadings from the named defendants. (*See, e.g.*, Doc. 2; Doc. 3; Doc. 7; Doc. 13; Doc. 15; Doc. 24; Doc. 25; Doc. 42; Doc. 43; Doc. 50). The number of motions and letters filed by Plaintiff have contributed to the lack of a quick disposition of these cases. Therefore, while it is true that Plaintiff's cases have been pending for some time, the Court assures Plaintiff that the cases are proceeding in a timely fashion. The cases are currently proceeding in accordance with the Order regarding the submission of the Martinez Report. (Doc. 46). Pursuant to the Court's Order, the Martinez Report was filed on September 3, 2010. (Doc. 51). Plaintiff's response to the Martinez Report is due no later than October 1, 2010, and Defendant's reply is due no later than October 15th, 2010.  (Doc. 46 at 4-5). In summary, the Court assures Plaintiff that his case is proceeding and that the merits of his complaint will be addressed in due time.

2) Plaintiff complains that numerous court filings have not been mailed to him or have only been mailed after undue delay. (Doc. 50 at 3-4).

With regard to Plaintiff's complaints regarding his untimely receipt of docket filings, the Court has reviewed the status of the past four filings in the current case and has confirmed that all four filings have been sent to Plaintiff's address of record in this case.

(See Doc. 51; Doc. 50; Doc.49; Doc.48). If the address of record is no longer correct, Plaintiff is responsible for alerting the Court as to his current mailing address, pursuant to D.N.M.LR-Civ 83.6 ("All . . . parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in . . . mailing addresses.").

 3) <u>Plaintiff contends that Defendant Jose Romero has not been served with the proper complaint in this case and requests that Defendant Romero be re-served and ordered to answer Plaintiff's allegations</u>. (Doc. 50 at 4-6).

 Plaintiff has repeatedly expressed concern that Defendant Romero has not been properly served with the 2009 complaint. (Doc. 42 at 1; Doc. 50 at 4-6).[1] Having reviewed the docket entries for both the 2008 and 2009 claims, the Court concurs with Plaintiff's assessment. In the Order consolidating the 2008 and 2009 claims, the District Court directed that service and waiver of service forms be sent to all defendants with known addresses. (Doc. 36 at 2). The District Court also directed that an address for Jose Romero be furnished so that the service could be effected. (*Id.*). On March 30, 2010, Defendants' counsel provided an address for Romero and filed it with this Court under seal. (Doc. 37). On April 26, 2010, this Court sealed docket number 37 and directed the clerk's office to send copies of the complaints and a waiver of service form to Romero. (Doc. 40). While both Defendants Garcia and CNMCF waived service and submitted an Answer to the 2009 complaint, (*See* Doc. 38; Doc. 39; Doc. 41), Defendant Romero never waived service and did not respond to the complaints.

 On July 12 of 2010 this Court ordered Defendants Ulibarri, CNMCF, Garcia, and

---

 [1] *See, e.g.,* Doc. 50 at 5 ("The shameful and outrageous came when Plaintiff received [Defendant Romero's Answer] . . . with the WRONG CIVIL ACTION No. 08 CV 288/BB/CEG from March 18, 2008 . . . <u>TWO AND A HALF</u> or 30 months later against the other Defendant Robert Ulibarri which nothing have to do with Defendant Romero.").

Romero to prepare a *Martinez Report*, even though Romero had never responded to the mailed complaints.  (Doc. 46 at 2-3).  The Court further ordered Romero be served personally and that the costs of service be charged to Romero, pursuant to Fed. R. Civ. P 4(d)(2)(A) ("If a defendant . . . fails, without good cause, to sign and return a waiver requested by a plaintiff . . . the court must imposed on the defendant the expenses later incurred in making service."). On July 28, 2010, Defendant Romero was personally served by the U.S. Marshall Service, but it appears that he was served only with the complaint from the 2008 case (Civ. 08-288), which only listed claims against Defendant Ulibarri. (Doc. 48). Romero then filed an Answer on August 17, 2010, in which he denied all allegations, pointing solely to the fact that he was not named in the complaint:

> Romero is not named as a party in the complaint served on him July 28, 2010, and therefore denies any and all allegations by Plaintiff that may be construed against him . . . . It is possible that there may be a complaint filed by Jorge Casanova pending that in some way names Jose Romero as a Defendant and if such complaint exists, Romero will respond when appropriately served

(Doc. 49 at 1-2).

While it appears that Defendant Romero was not personally served with the 2009 complaint, the Court considers Romero's Answer to be somewhat disingenuous since Romero was already well aware of the 2009 complaint. The 2009 complaint had been mailed to Romero on April 26, 2010, at which point Romero chose not to waive service. Additionally, Defendant Romero is represented by Carlos Elizondo, the same attorney who represents the other three defendants in this case. Indeed, Mr. Elizondo drafted the Answer for Defendants Garcia and CNMDC and filed their Answer in May of 2010. (Doc. 41). Therefore Mr. Elizondo was on notice and had copies of the 2009 complaint against

Romero when he drafted Romero's Answer in August of 2010. Viewed in this light, Defendant Romero's efforts to avoid addressing the merits of Plaintiff's complaint appear quite deliberate. The Court reminds Defendant Romero and Mr. Elizondo that the purpose of service is to put a defendant on notice of the claims against him or her, and that "personal service should not become a degrading game of wiles and tricks . . . ." *Reliance Ins. Co. v Mast Const. Co.*, 159 F.3d 1311, 1318 (10th Cir. 1998) (internal citations and quotations omitted).

Wherefore,

**IT IS HEREBY ORDERED THAT:**

1) Plaintiff's *Motion to Advise the Court About Three Facts Before Plaintiff's Response to Martinez Report on Friday, October 1, 2010* is **GRANTED**;

2) Summons be issued for the complaint filed in Civ. 09-1121 and the U.S. Marshals serve the summons personally on Defendant former Warden Jose Romero as directed by the clerk, **bearing in mind that the Court has kept this address sealed** (*See* (Doc. 36; Doc. 37; Doc. 40);

3) Service of the summons shall be at no cost to the Plaintiff and that the costs shall be charged to Defendant Romero; and

4) Defendant Romero pay costs in the amount of $109.23, such costs being incurred as a result of the personal service of the 2008 complaint, which was served on July 28, 2010. (Doc. 48).

_____
CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE