IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE CASANOVA

                Plaintiff

v.                                                   CIV 08-0288 BB/CG

ROBERT ULIBARRI, Warden,
CENTRAL NEW MEXICO CORRECTIONS
DEPARTMENT,
JOSE ROMERO, Former Warden,
RAY GARCIA, Correction Officer,

                Defendants.

### ORDER FOR *MARTINEZ* REPORT

**THIS MATTER** is before the Court, *sua sponte*, to order Defendant Robert Ulibarri to file another *Martinez* Report. The Court recently filed a Proposed Findings and Recommended Disposition, in which it recommended that summary judgment be granted to Defendants CNMCF, Jose Romero, and Ray Garcia on all of Plaintiff's claims. (Doc. 60 at 27; Civ. 09-1121, Doc. 9 at 27). However, the Court recommended that summary judgment be denied with respect to Plaintiff's claims against Warden Ulibarri. (*Id.*). The Proposed Findings were adopted by Chief United States District Judge Bruce Black. (Doc. 62; Civ. 09-1121, Doc. 10).

Plaintiff's claims against Warden Ulibarri involve his placement in segregation for thirty-six days, and the deliberate withholding of medical care and the medical equipment while he was in segregation. (*Id.* at 9-17). Warden Ulibarri contended that he did not order

Plaintiff's placement in segregation and did not personally direct that Plaintiff be deprived of necessary medical treatment and medical equipment. (Doc. 51 at 4). He further argued that subordinate prison personnel were responsible for any lapses in Plaintiff's treatment and that Plaintiff's claims regarding his access to medical care should have been directed toward the prison's medical provider. (Doc. 51 at 4, 6-7). The Court found that Warden Ulibarri had presented insufficient evidence to warrant summary judgment. (Doc. 60 at 11-13, 15-17). Another *Martinez* report is therefore in order.

The purpose of a *Martinez* report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th. Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978)). This Court may order a defendant to investigate the incident or incidents underlying a lawsuit and to submit a report in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim.  *See, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  A *Martinez* report may be used in a variety of contexts, including motions for summary judgment or a *sua sponte* entry of summary judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* Plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

Wherefore, to assist the Court in evaluating Plaintiff's claims in this matter,

**IT IS HEREBY ORDERED THAT:**

1.Defendant shall prepare a *Martinez* report addressing the claims raised in Plaintiff's *Civil Rights Complaint Pursuant to § 1983* (Doc. 1) and the Court's *Propsoed Findings and Recommended Disposition*, (Doc. 60) by:

  a. Setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Plaintiff with regard to the medical treatment that is the subject of his complaint, or who witnessed or made decisions with regard to such treatment; whether any records or documents exist pertaining to such treatment and, if so, a description of those records and documents and their contents; and whether any contracts, policies, procedures, protocols, laws, or regulations address such medical treatment and, if so, a description of those contracts, policies, procedures, protocols, laws, or regulations and their contents.

  b. Setting for the facts needed to resolve the claims regarding Plaintiff's placement in segregation. Those facts include, but are not limited to, the manner in which the decision was made to place Plaintiff in segregation, the conditions in the segregation unit with regard to Plaintiff's access to medical care and medical equipment, and the manner in which such conditions deviate from those present in the geriatrics unit, and in the general population. The report must state whether any contracts, policies, procedures, protocols, laws, or regulations address Plaintiff's placement in segregation and the conditions in segregation and, if so, a description of those contracts, policies, procedures, protocols, laws, or regulations and their contents.

2. If documents and records pertaining to the matters referred to in subparagraph

a and b do exist, Defendants shall include copies of them as attachments to the *Martinez* Report, arranged in a logical order, and be Bates-stamped or otherwise clearly serially marked. Defendants may incorporate by reference the exhibits in prior filings in any of Mr. Casanova's cases in this Court. To incorporate a document, Defendants shall designate the case caption, document docket number, and CM/ECF page numbers where it appears. If a previously-submitted document is not scanned, it must be resubmitted in full with the new *Martinez* Report attachments;

    3. The submission of documents alone shall not be considered in compliance with this Order. Defendants are expected to also prepare the "report" portion of the *Martinez* Report that discusses the claims and the submissions that relate to them;

    4. The Court is aware that materials contained in corrections files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendants may redact confidential portions of documents submitted with the *Martinez* Report and provide that version to Plaintiff. Alternatively, they may request that Plaintiff not be permitted to review certain portions of the *Martinez* Report and its attachments. If so, Defendants must make their objections to the Court fourteen (14) days prior to the *Martinez* Report filing and service date below. The entire *Martinez* Report must be submitted along with the objections, both under seal, to the Court for ruling if they elect this option;

    5. Defendants shall file and serve their *Martinez* Report no later than Monday, June 13, 2011;

    6. Plaintiff shall file and serve his response to the *Martinez* Report no later than Thursday, June 30, 2011;

    7. Defendants shall file and serve their reply, if any, no later than Monday, July 18,

2011; and

    **IN ADDITION, THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* Report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua sponte;* **as such, the parties – Plaintiff and Defendants – should submit whatever materials they consider relevant to Plaintiff's claims.** *See Hall,* 935 F.2d 1106.

                        */s/ Carmen*
                       _____
                       THE HONORABLE CARMEN E. GARZA
                       UNITED STATES MAGISTRATE JUDGE