IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORGE CASANOVA

        Plaintiff,

v.                                                                            CIV 08-0288 JAP/CG

ROBERT ULIBARRI, Warden

        Defendants.

## ORDER FOR SUPPLEMENTAL BRIEFING

**THIS MATTER** is before the Court, *sua sponte*, to order supplemental briefing on Plaintiff's two remaining claims against Defendant. On September 1, 2011, this Court filed its *Proposed Findings and Recommended Disposition* wherein this Court found that Defendant was not entitled to summary judgment based on the record before the Court. (Doc. 68). An order adopting the *Proposed Findings and Recommended Disposition* was entered by United States District Judge Bruce Black on May 9, 2012. (Doc. 76). Also on May 9, 2012, Plaintiff's claims against Jose Romero, Ray Garcia, and the Central New Mexico Corrections Department were dismissed. (Doc. 78). While Plaintiff was appealing this judgment, no action was taken on the claims against Defendant Ulibarri. This judgment was affirmed by the United States Court of Appeals for the Tenth Circuit on November 20, 2012 and this Court finds that it is time to proceed with Plaintiff's claims against the sole remaining Defendant, Warden Robert Ulibarri.

        Plaintiff remaining claims are a due process claim regarding his placement in segregation and an Eighth Amendment claim regarding a lack of medical care. (Doc. 1 at 2-4, 7-8). Defendant contends that he did not have a personal role in Plaintiff's placement in segregation. (Doc. 65 at 4). He also argues that the medical records

show that Plaintiff received adequate medical care and that Defendant Ulibarri was not personally aware of Plaintiff's medical condition.  (Doc. 65 at 3; Doc. 67 at 3-5).

In the *Proposed Findings and Recommended Disposition*, this Court reviewed the documents submitted by Defendant Ulibarri in support of *Defendant's Second Court Ordered Martinez Report*, (Doc. 65), and the related filings.  This Court found that, despite this Court's directive to do so, Defendant did not describe "the conditions in the segregation unit with regard to Plaintiff's access to medical care and medical equipment, and the manner in which such conditions deviate from those present in the geriatrics unit, and in the general population."  (Doc. 68 at 12).  This information is necessary to evaluate Plaintiff's due process claim under *Sandin v. O'Conner*, 515 U.S. 472 (1995) and *Estate of DiMarco v. Wyoming Dept. of Corrections*, 473 F.3d 1334 (10th Cir. 2007).  This Court also found that, based on the record before it, Defendant Ulibarri's knowledge of Plaintiff's medical condition in segregation was an issue of disputed fact.  (Doc. 68 at 20).

This Court needs more information in order to determine whether there is a genuine issue of material fact regarding Plaintiff's claims that would require this Court to hold an evidentiary hearing.  To help this Court make this determination, the parties are directed to supplement the record by filing dispositive motions and supporting documentation containing the following information:

1. Information regarding whether Plaintiff's two remaining claims can proceed under the summary judgment standard of Fed. R. Civ. P. 56(c), which is whether "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."
2. Materials that support the parties' dispositive motions, including sworn affidavits and relevant records, pursuant to Fed. R. Civ. P. 56(e).  The Court

      directs the parties to carefully note that "[t]o defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise," and "[u]nsubstantiated allegations carry no probative weight in summary judgment proceedings." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citations and quotations omitted).

3. The parties are directed to address the following issues in their dispositive motions:
   a. Analysis of Plaintiff's due process claims, in light of *Sandin v. O'Conner*, 515 U.S. 471 (1995) and *Estate of DiMarco v. Wyoming Dept. of Corrections*, 473 F.3d 1334 (10th Cir. 2007), and other supporting authority;
   b. Documentation regarding the conditions in the segregation unit, with regard to Plaintiff's access to medical care, and the manner in which those conditions deviate from those present in the geriatrics unit and the general population;
   c. Analysis of Plaintiff's Eighth Amendment claims, using supporting authority and specifically addressing whether Plaintiff has demonstrated that Defendant was deliberately indifferent to his medical needs; and
   d. Supporting documentation, including Plaintiff's medical records, grievances, and letters sent to the prison that may address Plaintiff's medical condition.

      The parties are directed to submit supporting documentation and sworn affidavits to support their dispositive motions regarding Plaintiff's two remaining claims *even if they have previously submitted that information in this case.* The parties shall limit their dispositive motions and supporting documentation to the two claims against Defendant Ulibarri. Motions and documentation that address claims or defendants that have been dismissed will not be considered. The parties are directed to consult the Local Rules of Civil Procedure to ensure that their motions and supporting documentation conform to the page limits outlined in Rule 7.5. In accordance with D.N.M.LR-Civ. 7.5, the combined length of any motion and supporting brief must not exceed twenty-seven double-spaced pages, a response brief must not exceed twenty-four double-spaced pages, and a reply brief must not exceed twelve double-spaced pages. The length of all

exhibits to any motion, response, or reply must not exceed fifty pages, unless the parties agree or the Court has granted leave to exceed fifty pages.  D.N.M.LR-Civ. 10.5.

**IT IS THEREFORE ORDERED** that:

a. Strictly adhering to the Court's directions above, the parties shall file and serve one dispositive motion each on Plaintiff's remaining claims, complete with citations to the record and supporting authority, *on or before April 22, 2013*;
b. The parties shall file and serve one response each to the other party's supplemental dispositive motion and supporting documentation *on or before May 13, 2013*; and
c. The parties may file and serve one reply each to the other party's response *on or before May 28, 2013*.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE