IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JORGE CASANOVA,**
    Plaintiff,

v.                                                                        CIV 08-0288 JAP/CG

**ROBERT ULIBARRI, Warden,**
    Defendant.

**MEMORANDUM OPINION AND ORDER**

On February 7, 2014, the Court entered an ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. No. 150) granting summary judgment in favor of Defendant, Warden Robert Ulibarri, on the ground that he had no knowledge of Plaintiff's medical needs while Plaintiff was in segregation. On February 21, 2014, Plaintiff filed a NOTICE OF APPEAL (Doc. No. 152) and a MOTION – PETITION TO SENIOR U.S. DISTRICT JUDGE JAMES A. PARKER IN REFERENCE THE CLAIM, PRISON'S JOB AND EYES DAMAGED (Doc. No. 154) (Motion – Petition to Senior U.S. District Judge). The Court construes Defendant's Motion – Petition to Senior U.S. District Judge as a motion for reconsideration. Because it was filed within 28 days of the entry of summary judgment, the Court will treat it as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *See Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

The Court may grant a motion for reconsideration in three circumstances: "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Because Plaintiff presents no new legal arguments or evidence that would change the Court's ruling on the motion for summary judgment, the Court is inclined to deny

Plaintiff's Motion – Petition to Senior U.S. District Judge. The only issue is whether the Court has jurisdiction, since Plaintiff filed a notice of appeal.

"Typically, the filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011) (internal citation omitted). However, there are exceptions. For example, a district court may act in aid of an appeal by resolving a collateral matter. *Id.* Moreover, the Tenth Circuit has acknowledged that a Rule 59(e) motion for reconsideration that is filed after a notice of appeal may suspend the notice of appeal until the district court disposes of the motion for reconsideration. *See id.* ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.") (quoting Fed. R. App. P. 4(a)(4)(B)(i) advisory committee's note, 1993 Amendment). In light of *Madrid*, the Court finds that it has jurisdiction to deny Plaintiff's Rule 59(e) motion even though an appeal is pending. *See also Brown v. Wachovia Bank*, 244 F.R.D. 16, 19 (D.D.C. 2007) (holding that a district court has jurisdiction to deny a motion for reconsideration during the pendency of an appeal).

IT IS THEREFORE ORDERED that Plaintiff's MOTION – PETITION TO SENIOR U.S. DISTRICT JUDGE JAMES A. PARKER IN REFERENCE THE CLAIM, PRISON'S JOB AND EYES DAMAGED (Doc. No. 154) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE