IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JORGE CASANOVA

        Plaintiff,

v.                                                                               CIV 08-0288 JAP/CG

ROBERT ULIBARRI, Warden

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Plaintiff Jorge Casanova's *Plaintiff's Request to the District Court*, (Doc. 164), filed September 16, 2015. In his request, Plaintiff asks that United States Magistrate Judge Carmen E. Garza recuse herself from this proceeding. Also before the Court is Plaintiff's *Motion to the Court to Compel A Plaintiff Request Document in 164 in Reference to the Magistrate Judge*, (Doc. 165), filed on September 28, 2015. In this motion, Plaintiff urges the Court to rule on his previous request for this Court to recuse itself, and also asks to reset the Rule 16(c) Scheduling Conference to a later date due to Plaintiff's health. Because the Court finds that it is inappropriate for this Court to recuse itself, but finds that there is good cause to reset the Rule 16(c) Scheduling Conference, the Court **RECOMMENDS** that *Plaintiff's Request to the District Court* be **DENIED**, and that Plaintiff's *Motion to the Court to Compel A Plaintiff Request Document in 164 in Reference to the Magistrate Judge* be **GRANTED IN PART** and **DENIED IN PART**.

I.      **Factual and Procedural Background**

Plaintiff Jorge Casanova filed his *Civil Rights Complaint Pursuant to 42 U.S.C. § 1983* ("Complaint"), on March 18, 2008, (Doc. 1), in which he asserted several claims against Defendant Robert Ulibarri, the warden of Central New Mexico Correctional Facility ("CNMCF"), and requested damages and injunctive relief. (*See* Doc. 1 at 6). Many of the claims asserted in the Complaint have been dismissed throughout the long life of this case. Most recently, the District Court entered summary judgment on Plaintiff's three remaining claims against Defendant Ulibarri on February 7, 2014. (*See* Doc. 150, Order Adopting Report and Recommendations).

Plaintiff appealed the District Court's Order Adopting Report and Recommendations on February 21, 2014. (Doc. 152). Upon appeal of that Order, the Court of Appeals for the Tenth Circuit affirmed the District Court's grant of summary judgment on two of Plaintiff's three remaining claims, and reversed and remanded the District Court's grant of summary judgment in favor of Defendant Ulibarri on Plaintiff's Eighth Amendment medical-treatment claim. (Docs. 162 & 162-1). This is the only remaining claim in this case.

This Court then issued its *Initial Scheduling Order*, (Doc. 161), to set deadlines for the remaining discovery to be conducted on Plaintiff's Eighth Amendment medical-treatment claim. Pursuant to the *Initial Scheduling Order*, the parties are to meet and confer no later than November 24, 2015 to formulate a provisional discovery plan. The parties are to then file a *Joint Status Report and Provisional Discovery Plan (JSR)* by November 30, 2015. A Telephonic Rule 16 Scheduling Conference was set for December 8, 2015 at 2:00 p.m.

In response to the Court's *Initial Scheduling Order*, Plaintiff filed *Plaintiff's Request to the District Court*, (Doc. 164), in which he urges this Court to recuse itself from this proceeding. Plaintiff then filed his *Motion to the Court to Compel A Plaintiff Request Document in 164 in Reference to the Magistrate Judge*, (Doc. 165), on September 28, 2015, asking the District Court to rule on his previous request for this Court to recuse itself, and also asks to reset the Rule 16(c) Scheduling Conference to a later date due to his deteriorating health.

## II.   Analysis

The Court construes both *Plaintiff's Request to the District Court*, (Doc. 164), and Plaintiff's *Motion to the Court to Compel A Plaintiff Request Document in 164 in Reference to the Magistrate Judge*, (Doc. 165), (together, the "Motion"), as a motion to disqualify Judge Garza from this case.[1]

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid the mere appearance of partiality on the part of a judge. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). The Tenth Circuit has held that, pursuant to § 455(a), the Court is not required to accept all factual allegations contained in a motion to disqualify as true. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Rather, "the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* This is an objective standard and the inquiry is limited to outward indications of supposed impropriety and any reasonable inferences that can be drawn therefrom. *See United*

---

[1] The Court acknowledges that where, as here, a party is proceeding pro se, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). Recusal is not warranted if the request is based on "unsupported, irrational, or highly tenuous speculation." *Hinman*, 831 F.2d at 839; *Cooley*, 1 F.3d at 993 ("The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice."). While a judge has an obligation to recuse himself from a case where his impartiality might reasonably be questioned, "[t]here is as much obligation for a judge not to recuse when there is no occasion to do so . . . ." *Id.*

Plaintiff asserts that he does not feel confident going forward with the same magistrate judge, (Doc. 165 at 1), and argues that this Court should recuse itself.[2] (Doc. 164 at 7). In support, Plaintiff mainly challenges this Court's findings in past orders and proposed findings and recommended dispositions as "poor decisions," and cites to Tenth Circuit orders reversing and remanding Plaintiff's claims on appeal. (Doc. 164 at 2). However, this does not suggest that this Court's impartiality might reasonably be questioned. Indeed, "adverse rulings are not a basis for concluding that judge is biased." *Scott v. Dona Ana County Commissioners*, No. CIV 09-0797 JB/GBW, 2012 WL 1132464, at *12 (D.N.M. Mar. 28, 2012) (unpublished) (citing *United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976)).

Plaintiff further states that he has appeared at all telephonic status conferences without an interpreter, even though English is his second language. (Doc. 164 at 4). This argument is also unpersuasive. This Court is without authority to appoint a qualified interpreter in this case. *See* 28 U.S.C. § 1827(d). Interpreters are generally only provided by the Court in criminal cases and in certain civil cases filed under 28 U.S.C.

---

[2] Plaintiff acknowledges that he has repeatedly voiced his displeasure with this Court throughout his case. (Doc. 164 at 1).

4

§§ 2254 and 2255. *Id.* As a result, the Court's failure to provide an interpreter is not indicative of bias.

Finally, Plaintiff argues that this Court has adopted statements from Defendant Ulibarri's briefings in its rulings. (Doc. 164 at 2). Plaintiff specifically refers to four sentences from this Court's *Report and Recommendations* on Defendant Ulibarri's *Motion to Dismiss* filed in 2008. (*Id.*). Again, adverse rulings, which may include findings of fact and conclusions of law, are not a basis for concluding a judge is biased. *See Bray*, 546 F.2d at 857. The fact that a court adopts a party's arguments in making those rulings does not reasonably suggest a judge is not impartial. Therefore, the Court finds that Plaintiff has not shown that a reasonable person would harbor doubts about the Court's impartiality.

In addition to filing the Motion, Plaintiff filed a refusal to consent to proceed before a United States Magistrate Judge under FED. R. CIV. P. 73(b)(1). (Doc. 163). Plaintiff suggests that he did so in an effort to have Judge Garza replaced by a randomly selected District Judge. (Doc. 164 at 7). However, Plaintiff's refusal to consent to proceed under FED. R. CIV. P. 73(b)(1) has no bearing on the issues presented here. Rule 73 governs trials conducted by magistrate judges pursuant to 28 U.S.C. § 636; here, Judge Garza is the referral judge, and will not preside over the trial of this case. Plaintiff may not refuse consent in this context.

Lastly, the Court will address Plaintiff's request to reset the Rule 16 Scheduling Conference. In his Motion to the Court, Plaintiff explains that his health has deteriorated and requests "a modification of the dates in the scheduling order that was issued from JSR due to this good cause." (Doc. 165 at 1). The Court finds that Plaintiff's request to

reset the Rule 16 Scheduling Conference is well-taken. The Court will issue an Amended Initial Scheduling Order resetting the Rule 16 and extending all associated deadlines with these Proposed Findings and Recommended Disposition.

### III. Recommendation

For all the foregoing reasons, the Court finds that this Court's impartiality may not be reasonably questioned in this proceeding. The Court further finds that Plaintiff has stated good cause to postpone the Rule 16 Scheduling Conference, and will issue an Amended Initial Scheduling Order doing so.

**IT IS THEREFORE RECOMMENDED** that *Plaintiff's Request to the District Court*, (Doc. 164), be **DENIED**, and that Plaintiff's *Motion to the Court to Compel A Plaintiff Request Document in 164 in Reference to the Magistrate Judge*, (Doc. 165), be **GRANTED IN PART** and **DENIED IN PART**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE