**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JORGE CASANOVA**,

    Plaintiff,

    vs.                                                                                   No. CIV 08-288 JAP/CG

**ROBERT ULIBARRI**,

    Defendant.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

On September 16, 2015, Plaintiff Jorge Casanova filed PLAINTIFF'S REQUEST TO THE DISTRICT COURT (Doc. No. 164) ("Request") asking that Magistrate Judge Carmen Garza recuse herself from this case. Twelve days later, Plaintiff filed a motion reiterating his lack of confidence in Judge Garza and requesting an expedited ruling on her disqualification. *See* MOTION TO THE COURT TO COMPEL A PLAINTIFF REQUEST DOCUMENT 164 IN REFERENCE TO THE MAGISTRATE JUDGE (Doc. No. 165).[1] After having considered both of Plaintiff's filings, Judge Garza issued PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. No. 166) ("PFRD") that the Court deny Plaintiff's request that she be removed from the case. Judge Garza reasoned that Plaintiff's complaints about her conduct did not raise a reasonable question regarding her impartiality. On October 19, 2015, Plaintiff filed objections to Judge Garza's PFRD. *See* PLAINTIFF'S OBJECTIONS TO PROPOSED

---

[1] Judge Garza construed Plaintiff's motion as including a request to reschedule the scheduling conference. Judge Garza recommended granting this request and did, in fact, issue an amended initial scheduling order pushing back the scheduling conference. *See* PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. No. 166 at 6); AMENDED INITIAL SCHEDULING ORDER (Doc. No. 167). Plaintiff has not objected to this outcome. As a result, this portion of Plaintiff's motion appears to have been resolved and is not before the Court.

FINDINGS AND RECOMMENDED DISPOSITION DOC. 166 IN REFERENCE "THE COURT IMPARTIALITY MAY NOT BE QUESTIONED IN THIS PROCEEDING." (Doc. No. 170) ("Objections"). Having reviewed Plaintiff's Objections de novo, the Court agrees that Plaintiff has not identified any basis requiring Judge Garza's recusal. The Court will, therefore, adopt Judge Garza's PFRD and deny Plaintiff's Request, which asks that the case be reassigned to a different magistrate judge.

## I. Standard of Review

Two statutes govern the mandatory recusal or disqualification of a federal judge. Title 28 U.S.C. § 455(a) requires a magistrate judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned." Title 28 U.S.C. § 144, on the other hand, provides for the removal of an assigned judge in any case where a party to the proceedings "makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." A party seeking removal of a judge under § 144 must file an affidavit identifying with particularity the "facts of time, place, persons, occasion, and circumstances" which demonstrate that the judge is not impartial. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Taken together these facts must amount to more than rumors or speculation; "affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). In other words, under both § 455 and § 144, disqualification is proper only "where a reasonable person, were he to know all the circumstances [alleged], would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006); *see also United States v. Stewart*, 378 F. App'x 773, 776 (10th Cir. 2010) (considering necessity of disqualification under

§ 455 and § 144 concurrently); *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 959-960 (10th Cir. 2005) (same).

## II. Plaintiff's Objections to Judge Garza's Decision not to Recuse Herself

Plaintiff filed six pages of objections taking issue with various statements and conclusions contained in Judge Garza's PFRD. Many of Plaintiff's objections center on Judge Garza's decision to omit details from her PFRD. For example, Plaintiff faults Judge Garza for mentioning that Plaintiff has an Eighth Amendment medical treatment claim without identifying the factual basis underlying this claim (Plaintiff's placement in segregation without his medical equipment). Objections at 1-2. Similarly, Plaintiff complains that Judge Garza has neglected to use the word "vociferously," a word previously used by this Court, when she noted that Plaintiff has repeatedly complained about her conduct in this case. *Id.* at 2. Some of Plaintiff's other objections are nearly incomprehensible. For instance, Plaintiff quotes Judge Garza's statement that pro se pleadings are to be construed liberally. He responds by saying:

> As per the above, it seems the Judge doesn't take the allegations by Casanova pro se very seriously because his filing is liberally, but in her document 143, on page 10 the Judge stated: "The Court should not be a pro se litigant's advocate. In addition, Plaintiff, as a pro se litigant, must follow the same procedures that govern other litigants." Plaintiff pro se Casanova is absolutely confident that none of the Judges in this civil action 08-0288 were pro se litigants, at least in this lawsuit.

*Id.* at 2. Even giving Plaintiff the benefit of the doubt, the Court fails to see how these miscellaneous objections undermine the correctness of Judge Garza's decision. None of these disputes shed any light on whether Judge Garza's impartiality can reasonably be questioned or on whether Plaintiff has alleged sufficient facts to show that she is biased against him. Thus, the Court will not address each objection one by one. Instead, the Court will focus on Plaintiff's two primary reasons for believing Judge Garza should be disqualified: (1) her alleged omission of

3

key facts in her previous adverse rulings and (2) her decision to schedule a telephonic status conference on June 11, 2013 even though Plaintiff has hearing difficulties.

### III. Analysis

In both his Request and his Objections, Plaintiff maintains that Judge Garza's previous rulings show that she is biased against him and should be recused from the case. He specifically criticizes Judge Garza for supposedly omitting key facts from her opinions, refusing to credit evidence that was favorable to Plaintiff's position, and cutting and pasting sentences from the Defendant's briefing into her orders and PFRDs. None of these allegations form a proper basis for requiring Judge Garza's disqualification. The Tenth Circuit has repeatedly held that "adverse rulings cannot alone provide grounds for disqualification." *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 960 (10th Cir. 2005); *see also Lipari v. US Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009) ("[Plaintiff's] only asserted ground for recusal rests on a series of rulings decided against him, and we have long held that 'adverse rulings cannot in themselves form the appropriate grounds for disqualification.'") (quoting *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997)). Here, Plaintiff's objections while focusing on the factual accuracy of Judge Garza's rulings are, nevertheless, merely objections to Judge Garza's adverse rulings. They are not evidence of impartiality or bias. Even if Plaintiff is correct that Judge Garza made mistakes in these rulings, this does not change the analysis. *See SEC v. Solv-Ex Corp.*, 164 F. App'x 765, 767 (10th Cir. 2006) (alleged errors in the judge's discussion of the evidence, even if true, did not "suggest in any way that bias or prejudice was at work in the judge's decision").

In the Objections, Plaintiff emphasizes a second incident he believes raises questions about Judge Garza's impartiality. On May 17, 2013, Judge Garza scheduled a telephonic status conference for June 11, 2013 to set a briefing scheduling and discuss the possibility of

settlement. *See* ORDER SETTING TELEPHONIC STATUS CONFERENCE (Doc. No. 108). Plaintiff responded by filing a 32-page MOTION: PLAINTIFF'S CONCERNS BEFORE THE TELEPHONIC STATUS CONFERENCE (Doc. No. 109). Within this document, Plaintiff rehashed the evidence and his arguments in support of his claims. He expressed frustration that he had been unable to reach anyone when calling the conference line before the appointed time. *Id.* at 8. He then made the following statement before reminding the Court that English was his second language:

> Other important fact for the Telephonic Status Conference that lamentable seems the Court forgot, is that they had ample documents and evidences in reference the claim of hearing aid to be hear by the Supreme Court and Plaintiff didn't want to discuss anything about those facts, because its will be a future discussion by the Supreme Court but Plaintiff wants to discuss that the Court had previous knowledge that according to the audiologist surgeon, this Plaintiff needs NO LESS than 3 years after the surgery for adaptation of being able to hear several sounds and Plaintiff is able to file a new suit with this claim on this year or the next year 2014 according to the New Mexico Statute of Limitation and advise the Court he still has problems to hear several sounds.

*Id.* Upon reviewing Plaintiff's filing, Judge Garza issued a responsive notice explaining how to call the conference line and explaining that she could not appoint an interpreter. In this notice, she did not directly mention Plaintiff's discussion of his hearing difficulties. *See* NOTICE (Doc. No. 110). Plaintiff now argues that this omission demonstrates bias. *See* Objections at 3 ("It is very hard to believe and near impossible in all the Courts of the United States to have a Judge that knew very well with a lot of evidence, that Plaintiff is severely hearing impaired, and this Judge made an order setting telephonic Status Conference . . ."). The Court disagrees. Plaintiff's discussion of his hearing difficulties is confusing. It is not clear that he was requesting that the conference be canceled as opposed to simply arguing about a state law claim or warning the Court that he may have some difficulty on the phone. In fact, on the appointed date and time, Plaintiff called in and was able to participate in the conference. *See* Clerk's Minutes for

Telephonic Status Conference held on 6/11/2013 (Doc. No. 113). Considering these facts, the Court concludes that Judge Garza's decision to schedule a telephonic status conference would not cause a reasonable person to have doubts about her impartiality. Thus, Plaintiff provides no basis for Judge Garza's recusal.

IT IS THEREFORE ORDERED THAT:

1. PLAINTIFF'S REQUEST TO THE DISTRICT COURT (Doc. No. 164) is DENIED.

2. Plaintiff's MOTION TO THE COURT TO COMPEL A PLAINTIFF REQUEST DOCUMENT 164 IN REFERENCE TO THE MAGISTRATE JUDGE (Doc. No. 165) is DENIED insofar as it requests Judge Garza be disqualified from the case.

_____
SENIOR UNITED STATES DISTRICT JUDGE