IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JORGE CASANOVA**,

   Plaintiff,

vs.                                                                           No. CIV 08-288 JAP/CG

**ROBERT ULIBARRI**,

   Defendant.

## MEMORANDUM OPINION AND ORDER

On November 16, 2015, after I denied his request for the removal of United States Magistrate Judge Carmen Garza, Plaintiff Jorge Casanova file a MOTION FOR DISQUALIFICATION OF A SENIOR DISTRICT JUDGE JAMES A. PARKER (Doc. No. 176) (Motion). In this Motion and the SUPPORTING DOCUMENT FOR DISQUALIFICATION OF THE SENIOR DISTRICT JUDGE JAMES A. PARKER (Doc. No. 177) (Plaintiff's Brief), Plaintiff expresses his irritation with the judges assigned to the case, his dissatisfaction with prior court rulings, and his belief that these rulings resulted from judicial bias. Plaintiff accuses me of abusing judicial power and neglecting my duties. *Id.* at 7. While I understand Plaintiff's frustration with the length of time it has taken his case against Defendant Robert Ulibarri to progress through two dismissals and two successful appeals, Plaintiff has not identified information that would cause a reasonable person to distrust my impartiality. Moreover, having carefully listened to Plaintiff's concerns, I can assure Plaintiff that I do not entertain any bias against him that would prevent me from adjudicating the claims in a fair and neutral manner. I will, therefore, deny Plaintiff's motion for my disqualification.

I.      **Procedural History**

Plaintiff's frustrations with the handling of his case long predate the filing of his present Motion. As early as March 30, 2009, Plaintiff filed a document with the Court complaining that Judge Garza had committed significant errors evaluating his claims and had acted unprofessionally by copying parts of the Defendant's filings when writing her decisions. *See* A RESPECTFUL LETTER TO THE JUDGES ASKING FOR A DETERMINATION TO BE MADE IN PLAINTIFF CASE DUE MISTAKES CORRECTION (Doc. No. 25 at 7). The Honorable Bruce D. Black, the district judge then assigned to the case, construed Plaintiff's critique of Judge Garza as a motion to reconsider the dismissal of Plaintiff's claims. Judge Black denied the motion as unfounded. *See* ORDER DENYING MOTION TO RECONSIDER (Doc. No. 30). Judge Black specifically noted that Plaintiff had alleged that Judge Garza "engaged in misconduct," but Judge Black did not see merit in this accusation. *Id.* at 3.

On February 23, 2012, after his first successful appeal, Plaintiff filed a MOTION TO RECUSE JUDGE BRUCE D. BLACK (Doc. No. 72) arguing that Judge Black was biased, prejudiced, and had inexcusably delayed ruling on Plaintiff's motions. *Id.* at 1. Judge Black, however, refused to recuse. ORDER DENYING RECUSAL (Doc. No. 75). On September 21, 2012, the case was reassigned to me. *See* NOTICE (Doc. No. 89). Since the case has been assigned to me, Plaintiff has continued to lodge complaints about Judge Garza's performance. For example, when Judge Garza recommended that Plaintiff's remaining claims be dismissed with prejudice, Plaintiff filed objections reproaching Judge Garza for corruption, tampering with the evidence, and obstructing justice. *See* PLAINTIFF'S OBJECTIONS MOTION WITH SUPPORTING BRIEF AGAINST DOCUMENT 143 BY MAGISTRATE JUDGE DUE RECOMMENDED PLAINTIFF'S CIVIL RIGHT COMPLAINT BE DISMISSED WITH

PREJUDICE (Doc. No. 144 at 1-2, 23). After reviewing Plaintiff's objections and the proposed dismissal of Plaintiff's claims de novo, I concluded that Defendant Ulibarri was entitled to summary judgment and that Plaintiff's lawsuit should be dismissed. ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. No. 150). On appeal, the Tenth Circuit reversed the dismissal of Plaintiff's Eighth Amendment medical-treatment claim arising out of his alleged placement in segregation without his medical equipment and affirmed the dismissal of Plaintiff's other claims. ORDER AND JUDGMENT (Doc. No. 162-1).

On remand, Plaintiff filed two requests asking that Judge Garza recuse herself. *See* PLAINTIFF'S REQUEST TO THE DISTRICT COURT (Doc. No. 164); MOTION TO THE COURT TO COMPEL A PLAINTIFF REQUEST DOCUMENT 164 IN REFERENCE TO THE MAGISTRATE JUDGE (Doc. No. 165). In response, Judge Garza issued PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. No. 166) that the Court deny Plaintiff's requests. Judge Garza reasoned that Plaintiff's complaints about her conduct did not raise a reasonable question regarding her impartiality. Plaintiff objected. *See* PLAINTIFF'S OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDED DISPOSITION DOC. 166 IN REFERENCE "THE COURT IMPARTIALITY MAY NOT BE QUESTIONED IN THIS PROCEEDING." (Doc. No. 170). After considering these objections, on November 9, 2015, I agreed that Plaintiff's requests should be denied because Plaintiff had not identified facts requiring Judge Garza's disqualification. MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED

DISPOSITION (Doc. No. 173).[1] One week later, On November 16, 2015, Plaintiff filed the currently pending Motion demanding my disqualification.

On January 15, 2016, Judge Garza and I jointly presided at a status conference attended by Plaintiff and his wife and by attorney Nancy Vincent on behalf of Defendant Robert Ulibarri. During the conference, which was interpreted into Spanish for Plaintiff's benefit, I offered Plaintiff an opportunity to state any grounds for my recusal that he had not already stated in writing. Plaintiff responded that he did not understand the need for discovery and felt that the best path would be to settle. Given this answer and Plaintiff's other statements, it was my understanding that Plaintiff desired to move beyond further efforts to disqualify Judge Garza and me so that he could concentrate on trying to arrange a settlement of his remaining claim.

## II.     Standard of Review

Two statutes govern the mandatory recusal or disqualification of a federal judge. Title 28 U.S.C. § 455(a) requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned."  Title 28 U.S.C. § 144, on the other hand, provides for the removal of an assigned judge in any case where a party to the proceedings "makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." A party seeking removal of a judge under § 144 must file an affidavit identifying with particularity the "facts of time, place, persons, occasion, and circumstances" which demonstrate that the judge is not impartial. *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Taken together these facts must amount to more than rumors or speculation; "affidavits filed in support of recusal are strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial."

---

[1] On December 8, 2015, Plaintiff appealed this ruling to the Court of Appeals for the Tenth Circuit. *See* NOTICE OF APPEAL (Doc. No. 179). On January 8, 2016, the Court of Appeals dismissed the appeal for lack of jurisdiction. *See* ORDER (Doc. No. 184).

*United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). Under both § 455 and § 144, disqualification is proper only "where a reasonable person, were he to know all the circumstances [alleged], would harbor doubts about the judge's impartiality." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006); *see also United States v. Stewart*, 378 F. App'x 773, 776 (10th Cir. 2010) (considering necessity of disqualification under § 455 and § 144 concurrently); *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 959-960 (10th Cir. 2005) (same).

### III.   Plaintiff's Arguments in Support of Recusal

While Plaintiff's motion for disqualification clearly communicates his lack of faith in my neutrality and his disagreement with prior court decisions, Plaintiff's arguments are, at times, difficult to comprehend. I will summarize them as best I can. In the first six pages of his Brief, Plaintiff walks through the November 9, 2015 MEMORANDUM OPINION AND ORDER (Doc. No. 173) denying Plaintiff's request that a new magistrate judge be assigned to the case. Plaintiff disagrees with this decision and believes the affirmation of Judge Garza's participation in the case demonstrates I am "so embroiled in controversy, that [I am] unable to make fair and objective decision[s]." Plaintiff's Brief at 6. Plaintiff specifically alleges that I "ignored" critical evidence of Judge Garza's bias, for instance, evidence that "that Judge Garza made OMISSIONS not one or two, she made omission of key facts." *Id.* at 2. Similarly, Plaintiff faults me for failing to find that Judge Garza wilfully and maliciously "OMITTED Plaintiff's disabled status in her Document 166 Proposed Findings." *Id.* at 5.

In the last two pages of his brief, Plaintiff proceeds to list "the lot of mistakes within this lawsuit by the judges." *Id.* at 7. For example, Plaintiff complains that:

> When the Judge stated: Warden Ulibarri approved the transfer, made a big Mistake.

5

> When the Judge stated: Warden Ulibarri and Cap. Forsythe acted to alleviate the potential threat is another MISTAKE.
>
> When the Judge, Grant Summary Judgment to Defendant due above reasons, was Mistake and Abuse of Power, because all the Judges in the United States knew perfectly that a Warden IS NOT ABLE TO MAKE A RELEASE, maybe a Warden is able to have some opinions, but is not authorized to make a release or an approved – That is only a task by a Parole Board.
>
> Nevertheless this Plaintiff asked several time to Judge Parker to make a correction, due the claim with the Defendant Ulibarri is still under this lawsuit, and under the scope of the Judge Parker. Example: Document 145, page 8: "A remedy is available by the Court to obtain a real review or also correction or vacation of the mistakes by the former Chief District Judge, that is outside the records of Plaintiff's evidences.
>
> Above, NEVER a Response by the District Judge Parker, nevertheless the amount of Plaintiff's evidence, and the big MISTAKES, approved the release or grant Summary Judgment.

*Id.* at 7. Plaintiff concludes his lengthy list of "mistakes" by arguing that both Judge Garza and I should be removed from the lawsuit due to our "remarks, dismissal, mistakes, omissions, bad judgments, tampered with the evidence and abuse of power." *Id.* at 9.

**IV.   Analysis**

In his motion and supporting brief, Plaintiff seeks disqualification under 28 U.S.C. § 455. Because courts must liberally construe pro se filings, I treat Plaintiff's motion as seeking disqualification under both § 455 and § 114, which impose essentially the same standard for disqualification – a judge must recuse if a reasonable person would have grounds to question the judge's impartiality.

Here, nothing in the history of the lawsuit or in Plaintiff's motion would create suspicion regarding my impartiality. Although Plaintiff is understandably vexed about the slow progress of this case, this is not a proper basis for recusal where there is no indication that the delay is purposeful or a result of favoritism. Plaintiff has not produced any such information. At bottom, the thrust of Plaintiff's motion for disqualification is that prior adverse decisions demonstrate

prejudice against him. This is not an adequate basis for questioning a judge's impartiality. The Tenth Circuit has repeatedly held that "adverse rulings cannot alone provide grounds for disqualification." *Burleson*, 123 F. App'x at 960; *see also Lipari v. US Bancorp NA*, 345 F. App'x 315, 317 (10th Cir. 2009) ("[Plaintiff's] only asserted ground for recusal rests on a series of rulings decided against him, and we have long held that 'adverse rulings cannot in themselves form the appropriate grounds for disqualification.'") (quoting *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997)); *SEC v. Solv-Ex Corp.*, 164 F. App'x 765, 767 (10th Cir. 2006) (alleged errors in the judge's discussion of the evidence, even if true, did not "suggest in any way that bias or prejudice was at work in the judge's decision"). Given the absence of evidence that would meet this standard, the Court will deny Plaintiff's motion for disqualification.

IT IS THEREFORE ORDERED that MOTION FOR DISQUALIFICATION OF A SENIOR DISTRICT JUDGE JAMES A. PARKER (Doc. No. 176) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE