IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JORGE CASANOVA**,

    Plaintiff,

    vs.                                                                                     No. CIV 08-288 JAP/CG

**ROBERT ULIBARRI**,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On January 29, 2016, pro se Plaintiff Jorge Casanova filed PLAINTIFF'S OBJECTIONS TO MEMORANDUM OPINION AND ORDER, DOC 186 IN REFERENCE MOTION FOR DISQUALIFICATION JUDGE PARKER DOC 176 IS DENIED (Doc. No. 194). In this document, Plaintiff reiterates his irritation with the judges assigned to the case, his dissatisfaction with prior court rulings, and his belief that these rulings resulted from judicial bias. He complains that I was wrong to deny his motion to recuse myself from this case, MOTION FOR DISQUALIFICATION OF A SENIOR DISTRICT JUDGE JAMES A. PARKER (Doc. No. 176). Because Plaintiff is proceeding pro se, the Court will construe Plaintiff's objections liberally as a Federal Rule of Civil Procedure 54(b) motion to reconsider the denial of Plaintiff's motion for disqualification.

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." As a general matter, the standards for reviewing a Rule 54(b) motion for reconsideration are the same

as the standards for reviewing a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013) (unpublished*); see also Pia v. Supernova Media, Inc.*, No 2:09-cv-00840, 2014 U.S. Dist. LEXIS 175028 (D. Utah Dec. 18, 2014) (unpublished). Under either rule, a court may grant a motion for reconsideration in three circumstances: when there is "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." *Brumark Corp. v. Samson Res.Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). A motion to reconsider is not an opportunity "to revisit issues already addressed or advance arguments that could have been raised earlier." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). In other words, a motion to reconsider should do more than simply restate the position that was unsuccessfully advanced by the party in the initial motion, and should not advance new arguments that could have been raised in the initial motion.

Here, Plaintiff's objections do not state a proper basis for reconsideration. Plaintiff does not argue that there has been a change in law or that there is new evidence establishing bias. Nor does Plaintiff establish that I clearly erred in refusing to recuse from the case. Plaintiff's objections simply restate, in more detail, Plaintiff's belief that prior adverse ruling and the Court's alleged failure to timely respond to motions raise a reasonable question regarding my impartiality. As for Plaintiff's complaints about the length of the case, I previously expressed sympathy for Plaintiff's frustrations, but explained that the slow progress of the case does not provide any grounds for my recusal because there is no evidence that the delay is a result of judicial bias. MEMORANDUM OPINION AND ORDER (Doc. No. 186 at 6). Plaintiff has not directly attacked this reasoning. Moreover, I note that Plaintiff's filing of lengthy, unsupported, repetitious complaints against various judges in this case imposes on the Court's time and has

contributed to the delays about which Plaintiffs complains. If Plaintiff's goal is to assist in the prompt resolution of this case, he would do well to limit his filings to concise motions grounded in the law.

As for Plaintiff's other complaints about the prior rulings, none of these complaints form a proper basis requiring my disqualification. *See* MEMORANDUM OPINION AND ORDER (Doc. No. 186) (explaining that the Tenth Circuit has held that "adverse rulings cannot alone provide grounds for disqualification") (quoting *Burleson v. Sprint PCS Group*, 123 F. App'x 957, 960 (10th Cir. 2005)). As a result, I will deny Plaintiff's motion to reconsider.

IT IS THEREFORE ORDERED that filed PLAINTIFF'S OBJECTIONS TO MEMORANDUM OPINION AND ORDER, DOC 186 IN REFERENCE MOTION FOR DISQUALIFICATION JUDGE PARKER DOC 176 IS DENIED (Doc. No. 194) are DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE