# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JORGE CASANOVA,

    Plaintiff,

v.                                                     No. CIV 08-288 JAP/CG

ROBERT ULIBARRI, Warden,

    Defendant.

## MEMORANDUM OPINION AND ORDER

At a *Daubert* motion hearing and pretrial conference on April 12, 2017, Plaintiff *pro se* Jorge Casanova and Deborah Wells, defense counsel for Warden Robert Ulibarri, were present. The Court heard argument from both parties on pending motions and set additional pretrial deadlines.

<u>Preliminary Matters</u>

The Court will deny as moot DEFENDANT'S *DAUBERT* MOTION WITH REGARD TO MICHAEL HOLLIFIELD (Doc. No. 281) based on notification by Plaintiff that he no longer will have Dr. Hollifield testify at trial. *See* PLAINTIFF'S MOTION TO INFORM THE COURT HE DISMISSED EXPERT WITNESS HOLLIFIELD FROM THIS LAWSUIT (Doc. No. 312).[1]

---

[1] The Court will deny as moot PLAINTIFF'S MOTION TO INFORM THE COURT (Doc. No. 312), which does not request any relief but, instead, merely informs the Court that Dr. Hollifield will not testify at trial.

1

PLAINTIFF'S MOTION – OPPOSITION TO DEFENDANT'S DAUBERT MOTION CHALLENGING KAREN WEINBERG (Doc. No. 313), while docketed as a Motion requiring Court action, is Plaintiff's Response to Defendant's *Daubert* Motion. Thus, while the Court considered Plaintiff's Response and the attached exhibits (Doc. No. 313) in deciding Defendant's *Daubert* Motion, *see* discussion below, the Court will deny Plaintiff's "Motion" as moot.

PLAINTIFF'S MOTION RESQUEST (sic) FOR APPOINTMENT OF COUNSEL DURING APRIL 12/2017 TO MAY 8-10-2017 (Doc. No. 308) requests that the Court appoint counsel for Plaintiff during pretrial proceedings and the trial that will begin on May 8, 2017. Plaintiff states that because he is hard of hearing it would be helpful to have an attorney assist him with trial-related matters, including voir dire, jury selection and examination of witnesses. At the April 12, 2017 hearing, the Court observed that in April 2016, experienced trial attorney George Bach began serving as *pro bono* counsel for Plaintiff, but that in February 2017, Mr. Bach was allowed to withdraw as Plaintiff's attorney due to irreconcilable differences in the attorney-client relationship. Doc. Nos. 265, 267. Mr. Bach could have assisted Plaintiff at a trial, but Plaintiff did not oppose withdrawal of his attorney. Moreover, Plaintiff then notified the Court that he wished to proceed *pro se*. Doc. Nos. 265, 268. The Court does not find any grounds to support the appointment of counsel at this late date although Plaintiff is free to employ his own attorney. The Court will, therefore, deny Plaintiff's Motion for Appointment of Counsel.

At the April 12, 2017 hearing, Plaintiff agreed that he would find a neutral, court-qualified interpreter for trial proceedings. On April 13, 2017, Plaintiff filed PLAINTIFF['S] EMERGENCY MOTION WITH THE COURT (Doc. No. 316), asking the Court for assistance in locating an interpreter. The Court will deny the EMERGENCY MOTION as moot based on

the Court's email correspondence to Plaintiff on April 14, 2017, providing him with contact information for the Court's Supervisory Interpreter.

Defendant's *Daubert* Motion Challenging Expert Testimony of Karen Weinberg

On April 7, 2017, Warden Ulibarri filed DEFENDANT'S *DAUBERT* MOTION WITH REGARD TO KAREN WEINBERG (*Daubert* Motion) (Doc. No. 310). On April 11, 2017, Plaintiff filed PLAINTIFF'S MOTION—OPPOSITION TO DEFENDANT'S DAUBERT MOTION CHALLENGING KAREN WEINBERG (Response) (Doc. No. 313). At the April 12, 2017 *Daubert* hearing, the Court heard argument from Plaintiff and defense counsel and also heard the testimony of Ms. Weinberg.

*Background*

On March 27, 2017, Plaintiff identified Ms. Weinberg as his proposed expert witness on handwriting analysis. Doc. No. 283. The Court set a deadline of April 3, 2017, for Plaintiff to produce to Defendant the required Rule 26 expert report by Ms. Weinberg. Order at 3 (Doc. No. 276). On April 3, 2017, Plaintiff produced Ms. Weinberg's "Affidavit" setting out her opinions.[2]

At the *Daubert* hearing on April 12, 2017, Ms. Weinberg provided defense counsel with a revised expert report that she identified as her "Final Affidavit."[3] Ms. Weinberg testified she would opine at a trial that two signatures on a prison Medication Administration Record, with dates of 11/15/06, were not the signatures of Plaintiff. In order to better understand Ms. Weinberg's opinions, the Court had Ms. Weinberg highlight in yellow the two signatures that she contends were not those of Plaintiff. Based on Ms. Weinberg's proposed testimony, it appears Plaintiff would argue that an unidentified prison official or employee forged his signature on the

---

[2] Plaintiff supplied the Court with a copy of Ms. Weinberg's expert report ("Affidavit") although the report was not filed with the Court.
[3] On the morning of the April 12, 2017 hearing, Plaintiff gave copies of the revised expert report to the Court and to defense counsel.

3

Medication Administration Records to show Plaintiff received certain medications thereby contradicting Plaintiff contention that he did not receive any of his medications during the 35 days he was segregation, from about November 6, 2006 to December 11, 2006.

### *Legal Standard*

It is well established under Federal Rule of Evidence 702 that a district court must act as a gatekeeper "to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Adamscheck v. Am. Family Mut. Ins. Co.*, 818 F.3d 576, 586 (10th Cir. 2016) (citations omitted). The objective of the gatekeeping function is to ensure the reliability and relevancy of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). *See also Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Rule 702 governs the admissibility of expert testimony. It states:

> A witness who is qualified as an expert ty knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

### *Discussion*

Defendant contends, in part, that Ms. Weinberg should not be allowed to give expert testimony because Ms. Weinberg's expert report was due April 3, 2017, and Ms. Weinberg did

not produce her Final Affidavit and opinions until April 12, 2017. Although Ms. Weinberg's expert report is late, the Court will not preclude her from testifying on that ground.

However, the Court finds persuasive Defendant's argument that Ms. Weinberg's proposed opinions are not relevant and will not aid the jury in determining a fact at issue, i.e., whether or not Plaintiff received his medications when he was in segregation. *Daubert* Motion at 5, 7. According to Defendant, Plaintiff cannot establish that the only remaining Defendant, Warden Ulibarri, had any involvement in the dispensation of medications to inmates, including Plaintiff, or in the creation and maintenance of medical records documenting administration of medications at the prison. *Id.* at 7. Instead, according to Defendant, a private company is tasked with providing medical care to inmates and with keeping the corresponding medical records. That company is not a Defendant in this proceeding, the company's medical personnel are not employees with the New Mexico Department of Corrections, and Defendant Ulibarri does not supervise the medical personnel. Ulibarri Affidavit ¶¶ 4–8 (Doc. No. 310–3).

At the *Daubert* hearing, the Court asked Plaintiff what evidence he had to show that Defendant Ulibarri knew Plaintiff was not receiving his medications during the 35 days he was in segregation. Plaintiff summarily argued that Warden Ulibarri was aware of everything that occurred in the prison. While Plaintiff contends that Defendant Ulibarri was an experienced prison warden whose very position gave him knowledge of every detail of the prison's operations, including the medical condition and needs of every inmate, this type of speculation is not evidence. Plaintiff has not shown how Ms. Weinberg's proposed opinions would tend to show liability on the part of this Defendant, Warden Robert Ulibarri.

After carefully considering the Defendant's *Daubert* Motion, Plaintiff's Response, and Ms. Weinberg's testimony at the April 12, 2017 hearing, along with the pertinent law, the Court

concludes that Ms. Weinberg's proposed expert handwriting testimony has little, if any, relevance to Plaintiff's sole remaining Eighth Amendment medical-treatment claim against Defendant Ulibarri. Ms. Weinberg's proposed expert opinions will not help the trier of fact to determine a fact in issue. *See* Fed. R. Evid. 702(a). In addition, the proposed expert testimony does not have "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). In other words, Ms. Weinberg's proposed opinion about two signatures dated 11/15/16 on the Medication Administration Record does not tend to show that Defendant Ulibarri knew that medications were not being dispensed to Plaintiff and that he disregarded an excessive risk to Plaintiff's health. Thus, the Court will preclude Ms. Weinberg from giving expert testimony on the ground of lack of relevance. *See* Fed. R. Evid. 401(a) and 702(a).

In addition, the Court finds that any minimal relevance of Ms. Weinberg's proposed expert testimony is substantially outweighed by the dangers of confusing the issues and misleading the jury. Fed. R. Evid. 403. While Ms. Weinberg would testify about the two allegedly forged signatures, she would also testify that various other signatures on the Medication Administration Records in the same or similar time frame were the authentic signatures of Plaintiff. Thus, because the proposed expert testimony could easily confuse the issues and mislead the jury, it will also be excluded under Rule 403. Accordingly, the Court will grant Defendant's *Daubert* Motion challenging the testimony of Ms. Weinberg.

Additional Matters and Pretrial Deadlines

### *Plaintiff's Witness, Narendra Chand*

At the April 12, 2017 hearing, Plaintiff informed the Court that his witness, Mr. Chand, is currently incarcerated. Although Plaintiff may present the testimony of Mr. Chand at trial, the

Court advised Plaintiff that he is responsible for arranging the transportation of Mr. Chand from the prison to the federal courthouse, which likely will involve an application for a writ of habeas corpus ad testificandum. *See*, *e.g., Smith Bey v. Gibson*, No. CIV.A. 04-CV-01050MS, 2007 WL 622289, at *1 (D. Colo. Feb. 23, 2007) (discussing application for a writ of habeas corpus ad testificandum).

Jury selection for this proceeding will begin on May 8, 2017, at 1:30 p.m.. Most likely, Plaintiff will begin presenting his evidence on May 9, 2017. Thus, Plaintiff should make Mr. Chand available to testify on May 9, 2017.

### *Pretrial Order*

Defense counsel will draft the Pretrial Order (PTO), which will include a proposed statement of Plaintiff's claim along with the parties' witness lists. By noon, April 17, 2017, defense counsel will make the draft PTO available for Plaintiff to pick up that afternoon at defense counsel's office.

Plaintiff understands that he is responsible for editing Plaintiff's portions of the PTO and that he must return the edited version of the PTO to defense counsel's office by noon on April 19, 2017.

Defense counsel should submit the final PTO to the Court by April 26, 2017.

### *Copies of Exhibits*

Plaintiff must number his trial exhibits; Defendant must letter alphabetically his trial exhibits. The parties have until noon on April 19, 2017 to exchange copies of their marked trial exhibits. Plaintiff must leave duplicate copies of all of his marked trial exhibits at defense counsel's office by noon on April 19, 2017, at which time, Plaintiff will also pick up duplicate

7

copies of Defendant's marked trial exhibits. Objections to proposed trial exhibits must be filed by April 21, 2017.

### *Jury Instructions*

Defense counsel will draft a set of jury instructions and provide them to the Court and to Plaintiff by April 24, 2017. The proposed jury instructions will be made available in electronic format and in hard copy. The Court's stock jury instructions need not be included. Defense counsel should not file the proposed jury instructions with the Court.

### *Voir Dire*

If the parties want the Court to ask specific questions of the prospective jurors, they must file their proposed written questions by April 24, 2017.

### *Pretrial Conference*

The Court will address additional pretrial matters at the Call of the Calendar on April 27, 2107, at 11 a.m.

IT IS THEREFORE ORDERED that:

1) DEFENDANT'S *DAUBERT* MOTION WITH REGARD TO MICHAEL HOLLIFIELD (Doc. No. 281) is DENIED as moot;

2) PLAINTIFF'S MOTION TO INFORM THE COURT HE DISMISSED EXPERT WITNESS HOLLIFIELD FROM THIS LAWSUIT (Doc. No. 312) is DENIED as moot;

3) PLAINTIFF'S MOTION – OPPOSITION TO DEFENDANT'S DAUBERT MOTION CHALLENGING KAREN WEINBERG (Doc. No. 313) is DENIED as moot but is considered as Plaintiff's Response to Defendant's *Daubert* Motion;

4) PLAINTIFF'S MOTION RESQUEST (sic) FOR APPOINTMENT OF COUNSEL DURING APRIL 12/2017 TO MAY 8-10-2017 (Doc. No. 308) is DENIED;

5) PLAINTIFF['S] EMERGENCY MOTION WITH THE COURT (Doc. No. 316) is DENIED as moot;

6) DEFENDANT'S *DAUBERT* MOTION WITH REGARD TO KAREN WEINBERG (Doc. No. 310) is GRANTED for the reasons stated herein, and Ms. Weinberg will not be allowed to testify at trial; and

7) the parties must comply with all deadlines set forth in this Order.

_____
SENIOR UNTIED STATES DISTRICT JUDGE