# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JORGE CASANOVA,

    Plaintiff,

v.                                                                            No. CIV 08-288 JAP/CG

ROBERT ULIBARRI, Warden,

    Defendant.

## MEMORANDUM OPINION AND ORDER

The Court held a jury trial beginning on May 8, 2017 and ending on May 11, 2017, when the jury returned a verdict in favor of Defendant Warden Robert Ulibarri on Plaintiff Jorge Casanova's sole Eighth Amendment deliberate indifference claim. *See* Doc. No. 351. On May 11, 2017, the Court entered Judgment in favor of Defendant and dismissed this case with prejudice. Doc. No. 354.

On June 6, 2017, Mr. Casanova filed a MOTION FOR A NEW TRIAL. Doc. No. 355. On the same day, Mr. Casanova filed a NOTICE OF APPEAL. Doc. No. 356. On June 7, 2017, the Tenth Circuit Court of Appeals entered an Order abating the appeal until resolution by this Court of Mr. Casanova's Motion for a New Trial. Doc. No. 359 (Doc. 01019821689 in Appeal No. 17–2093).[1]

---

[1] On June 13, 2017, Mr. Casanova filed a motion requesting that the District Court allow him to proceed on appeal without prepayment of costs. PLAINTIFF'S MOTION REQUESTING DISTRICT COURT'S APPLICATION (Doc. No. 360). The electronic docket indicates that on June 13, 2017, the District Court Clerk provided Mr. Casanova with an Application to Proceed on Appeal Without Prepayment of Fees. It appears that Mr. Casanova has not completed and filed the Application. Thus, the Court will deny without prejudice Mr. Casanova's MOTION REQUESTING DISTRICT COURT'S APPLICATION so that Mr. Casanova can fill out the Application and file it with the Tenth Circuit Court of Appeals.

1

There is no need for a response. After careful consideration of the pertinent law, along with Mr. Casanova's Motion and exhibits, the Court will deny the Motion for a New Trial.

*Background*

On March 18, 2008, Mr. Casanova filed a Civil Rights Complaint. Doc. No. 1. During the pendency of this nine-year long proceeding, two different United States District Court Judges have been assigned to this case. Both judges have issued rulings as to Mr. Casanova's various claims against multiple Defendants. Mr. Casanova appealed a number of this Court's rulings and was successful on two appeals. On August 6, 2015, the Tenth Circuit Court of Appeals reversed, in part, this Court's dismissal of Mr. Casanova's case and allowed Mr. Casanova to proceed on a single claim of Eighth Amendment deliberate indifference against prison warden Mr. Ulibarri. Doc. No. 162.

From the inception of the case until April 2016, Mr. Casanova had represented himself. However, on April 15, 2016, experienced attorney and law school professor George Bach entered an appearance on behalf of Mr. Casanova. Unfortunately, by February 13, 2017, the relationship between Mr. Casanova and his attorney had deteriorated to the point that Mr. Bach filed an unopposed motion to withdraw as counsel, which was granted. Doc. Nos. 265, 267. Thus, as of February 2017, Mr. Casanova elected to proceed *pro se*, and he represented himself in pretrial proceedings and at the May 2017 trial.

*Plaintiff's Motion for a New Trial*

I. **Pertinent Legal Principle:**

Federal Rule of Civil Procedure 59 governs motions for a new trial. Rule 59 provides, in part, that after a jury trial a court may grant a new trial on some or all of the issues "for any reason for which a new trial has heretofore been granted in an action at law in federal court."

Fed. R. Civ. P. 59(a)(1)(A). Rule 59 does not describe reasons that might support granting a new trial. However, a Rule 59 motion for a new trial can be granted on any error so long as "the district court concludes the 'claimed error substantially and adversely' affected the party's rights." *Henning v. Union Pac. R. Co.*, 530 F.3d 1206, 1217 (10th Cir. 2008) (quoting *Sanjuan v. IBP, Inc.*, 160 F.3d 1291, 1297 (10th Cir. 1998)). "In considering a motion for a new trial on the grounds of prejudicial error, the alleged trial court errors must be clearly erroneous, as well as prejudicial and must have affected the substantial rights of the parties." *Atencio v. City of Albuquerque*, 911 F. Supp. 1433, 1437 (D.N.M. 1995) (citation omitted). Other grounds that support a request for a new trial include : "where the jury verdict is against the weight of the evidence, the damages are excessive, a party was prejudiced by erroneous evidentiary rulings, or the trial was not fair to the moving party." *Megadyne Med. Prod., Inc. v. Aspen Labs., Inc.*, 864 F. Supp. 1099, 1102 (D. Utah 1994) (citation omitted), *aff'd*, 52 F.3d 344 (Fed. Cir. 1995).

Motions for a new trial under Rule 59 are disfavored and are to be granted with caution. *See, e.g., Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc.*, 38 F.3d 1279, 1287 (2d Cir. 1994) (having fought once for the court's favor, the litigants should not –absent a corruption of the judicial process – be made to endure the fight anew). The decision to grant a new trial is left to the sound discretion of the trial judge. *See, e.g., Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (authority to grant a new trial "is confided almost entirely to the exercise of discretion on the part of the trial court").

Mr. Casanova makes a number of arguments in support of his Motion for a New Trial. As best as the Court can decipher, Mr. Casanova contends that a new trial is warranted because the trial was not fair.

II. **Analysis of Plaintiff's Arguments in Support of a New Trial**

   1. <u>Hearing or Translation Problems</u>:

Mr. Casanova argues that the Court did not always provide him with appropriate assistive equipment at earlier hearings or conferences to help Mr. Casanova with his hearing impairment. Motion at 1–2. Mr. Casanova claims that the Court has always known about "Plaintiff's severe hearing impediment …." Motion at 2.

Mr. Casanova has not shown how the Court failed to accommodate his hearing impairment. During the pretrial conference that spanned two days and that lasted almost four hours, the Court provided Mr. Casanova with headphones. Mr. Casanova reported that he could hear fine with the headphones. But, at one point during one day of the pretrial conference, there were difficulties with a set of headphones. The Court promptly supplied a different set of working headphones with which Mr. Casanova again said he could hear. Pretrial Conference Minutes on April 27, 2017 and May 3, 2017 (Doc. Nos. 332, 336). At the May 2017 trial, the Court once more made headphones available to Mr. Casanova. From time to time during the trial, the Court had to remind Mr. Casanova to use his headphones. Mr. Casanova repeatedly informed the Court during the trial that he could hear with the headphones. Mr. Casanova made no complaints to the Court during trial that he was unable to hear while he was actually using the headphones.

Mr. Casanova also discusses his need for a Spanish language interpreter. Although English is Mr. Casanova's second language, he testified in English, questioned witnesses in English, and argued to the jury in English. Before trial, Mr. Casanova asked the Court to provide him with an interpreter. The Court explained to Mr. Casanova that the Court is not obligated to provide an interpreter to a party in a civil proceeding, but the Court gave Mr. Casanova contact

information for Spanish language interpreters. Mr. Casanova hired a certified Spanish language interpreter for the trial. Mr. Casanova elected to use the interpreter's services only on occasion, except when she interpreted the full testimony of Mr. George Mejia, one of Mr. Casanova's witnesses. It is not clear how Mr. Casanova's argument concerning his need for an interpreter warrants a new trial.

Neither of these grounds demonstrates unfairness to Mr. Casanova sufficient to support granting a new trial. Moreover, "[a] principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice will result." *Cypres Fed. Credit Union v. CUMIS Ins. Soc'y, Inc.*, 638 F. App'x 751, 754 n.1 (10th Cir. 2016) (citations omitted). During both the trial and the various pretrial conferences, Mr. Casanova did not object on the ground that he was unable to understand or hear.

2. Admission of Exhibits:

It appears that Mr. Casanova contends, in part, that because of his hearing problems, he could not comprehend the Court's rulings on his 32 proposed exhibits that consisted of "nearly 300 pages." Motion at 3, 10–19. Mr. Casanova is incredulous that only a few pages out of hundreds of pages of his proposed exhibits were admitted at trial. In addition, Mr. Casanova was upset when, during deliberations, the jury wrote a note to the Court requesting exhibits that were discussed but never offered or admitted at trial.

At the two-day pretrial hearing, the Court took painstaking efforts to review each of Mr. Casanova's exhibits with him and opposing counsel before ruling on the admissibility of the exhibits. At the pretrial hearing, the Court allowed Mr. Casanova to discuss at length why he believed the exhibits were relevant and should be admitted. The Court made clear rulings on the

record during the pretrial conference. In addition, on May 4, 2017, the Court issued a 10-page Order summarizing each of the Court's rulings on Mr. Casanova's exhibits. Doc. No. 333. Thus, even if Mr. Casanova was unable to understand the Court's oral rulings during the pretrial conference, Mr. Casanova was able to review the Court's written rulings on proposed exhibits in the Order.

There were several of Mr. Casanova's proposed exhibits on which the Court reserved ruling until trial. During the trial, Mr. Casanova did not appear to understand how to properly request that his exhibits be admitted into evidence. The Court cannot act as an advocate for a *pro se* party, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, the Court attempted to guide Mr. Casanova through the process of requesting that his exhibits be admitted. However, Mr. Casanova failed to follow the Court's guidance, with the result that certain exhibits were not admitted into evidence. Thus, the Court responded appropriately to the jury's written request by identifying to the jury the only exhibits that were admitted into evidence. Doc. No. 347.

Mr. Casanova has not demonstrated that the Court's rulings on Mr. Casanova's proposed exhibits were erroneous and that he suffered prejudice sufficient to warrant a new trial.

3. <u>Withdrawal of Mr. Casanova's Previous Attorney</u>:

Mr. Casanova complains about his attorney's work on the case during the period Mr. Casanova was represented by Attorney George Bach. Motion at 4–8. Mr. Casanova represents that Mr. Bach failed to take certain steps that would have assisted Mr. Casanova with his claim, evidence, witnesses, and expert witness. Mr. Casanova is upset that Mr. Bach, "with less than three months before Plaintiff's trial … wanted a Guardian for the Plaintiff …." *Id.* at 5. Mr.

Casanova also contends that the Court improperly denied Mr. Casanova's request for appointment of counsel before trial.

As noted above, Mr. Casanova had an attorney until early in 2017. On February 13, 2017, Mr. Bach filed an Unopposed Motion for Leave to Withdraw as Counsel for Plaintiff (Doc. No. 265), stating that Mr. Casanova's capacity "to make adequately considered decisions in connection with a representation" was impaired. *Id.* at 1–2. Thus, Mr. Bach believed he was ethically required to seek protective action on behalf of Mr. Casanova. *Id.* at 2. Mr. Casanova did not agree with Mr. Bach's recommended course of action, and Mr. Bach further reported that the attorney-client relationship had "deteriorated to an irreconcilable point." *Id.* at 2–3. Mr. Bach waived any claim to attorney's fees. *Id.* Mr. Casanova did not oppose Mr. Bach's motion for withdrawal and stated that he would proceed *pro se* until he retained another attorney. *Id.* However, Mr. Casanova apparently was unable to retain counsel, and on March 15, 2017, Mr. Casanova informed the Court that he would proceed *pro se*. Doc. No. 274.

After the trial concluded, the Court stated that it was unfortunate that Plaintiff did not have an attorney at the trial. *See* Motion at 8. Indeed, the Court would have preferred that Mr. Casanova had counsel at trial. However, the Court is under no obligation to appoint counsel for *pro se* parties in civil proceedings. *See, e.g., McCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988) (there is no constitutional or statutory right to counsel in a civil case, including a § 1983 action); *Majors v. Thomas Jefferson Sch. of Law,* No. 2:11-CV-558-CW-SA, 2011 WL 7561516, at *8 (D. Utah Nov. 22, 2011)*, report and recommendation adopted*, No. 2:11-CV-0558, 2012 WL 933010 (D. Utah Mar. 19, 2012) (observing that the court appointed an attorney for the plaintiff – "something the court is not obligated to do and which it rarely does in civil

cases-to help Plaintiff successfully construct her case."). *See also* 28 U.S.C. § 1915(d) (although the court may appoint an attorney for an indigent party, it is not required to do so).

After Mr. Casanova's attorney withdrew, Mr. Casanova elected to proceed *pro se*. However, with a trial date looming, Mr. Casanova apparently had second thoughts. Nonetheless, Mr. Casanova wanted an attorney who would agree with him, and as was evidenced by Mr. Casanova's former attorney's Unopposed Motion to Withdraw, Mr. Bach formed an opinion that Mr. Casanova was unable to proceed without the appointment of a guardian, an opinion that Mr. Casanova did not share. Under these circumstances, it was unlikely that an attorney could have been appointed for Mr. Casanova who would have satisfied Mr. Casanova. Moreover, the appointment of an attorney only one month before trial would have significantly delayed this proceeding that was already nine years old. Mr. Casanova submitted filings stating that he wanted no further delays. *See* Doc. No. 270. Therefore, the Court concludes that Mr. Casanova's arguments regarding the withdrawal of his attorney and the Court's denial of his request to appoint counsel in April 2017 (Doc. No. 308) do not demonstrate unfairness sufficient to warrant a new trial.

    4.  <u>Bias of District Court Judge</u>

Mr. Casanova contends that the undersigned Senior District Judge held a personal bias against him and that the alleged bias denied Mr. Casanova of a fair hearing during the pretrial conference and at trial. Motion at 22. This is not a new allegation by Mr. Casanova, who has lodged numerous complaints of bias against most of the judges assigned to this case. *See, e.g.,* Doc. Nos. 25, 30 (complaining about Magistrate Judge Carmen Garza's conduct or rulings); Doc. No. 72 (requesting recusal of District Court Judge Bruce Black); Doc. No. 144

(complaining about Judge Garza); Doc. Nos. 164, 165, 170 (asking for recusal of judges); Doc. No. 176 (moving to disqualify undersigned Senior District Court Judge).

Mr. Casanova's disagreement with the Court's rulings on evidence at trial and his general discontentment with the Court about Mr. Casanova's impairments are not sufficient to establish judicial bias or impartiality sufficient to have warranted a mandatory recusal under 28 U.S.C. § 455(a) or under 28 U.S.C. § 144. *See* Memorandum Opinion and Order (Doc. No. 186) (setting out applicable law on recusal).

*Conclusion*

After a careful review of the briefing and of the facts presented at trial, the Court concludes that Mr. Casanova has failed to show that the Court committed errors that unduly prejudiced Plaintiff at trial or that there was fundamental error that resulted in gross injustice to Mr. Casanova. *See Cyprus Fed. Credit Union*, 638 F. App'x at 754 n.1. In addition, Mr. Casanova has not demonstrated that the trial was sufficiently unfair to warrant a new trial. Moreover, in a number of instances, Mr. Casanova failed to identify objections, if any, he made at trial with respect to his various arguments of prejudice. The Court, therefore, exercises its discretion and will deny Mr. Casanova's Motion for a New Trial.

IT IS THEREFORE ORDERED that Mr. Casanova's MOTION FOR A NEW TRIAL (Doc. No. 355) is DENIED and that Mr. Casanova's MOTION REQUESTING DISTRICT

COURT'S APPLICATION (Doc. No. 360) is DENIED without prejudice so that the Tenth Circuit Court of Appeals can address Mr. Casanova's Application as described herein.

/s/ James A. Parker
SENIOR UNITED STATES DISTRICT JUDGE